UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

　　　　　　　　　Plaintiff,

　　v.

ADAM CORNELL, et al.,

　　　　　　　　　Defendants.

CASE NO. C19-1961-RSM-BAT

**REPORT AND RECOMMENDATION**

　　Plaintiff, Gabriel Allen Eckard, a prisoner at the Snohomish County Jail filed a pro se 42 U.S.C. § 1983 civil rights complaint and deficient application to proceed *in forma* pauperis (IFP). (Complaint) Dkt. 1. The complaint alleges Snohomish County deputy prosecuting attorney Adam Cornell, Snohomish County Sheriff Ty Trenary, and Snohomish County violated plaintiff's rights by failing to investigate and file criminal charges for assault against Monroe Corrections officers Symons and Trenary. The Court recommends 1) plaintiff be denied IFP status under the three strike rule, 28 U.S.C. § 1915(g), 2) he be ordered to pay the Court's filing fee before proceeding with his complaint in this action, and 3) that if he fails to pay the filing fee, the complaint be dismissed without prejudice.

//

//

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiff is barred from proceeding IFP because he has brought, as a prisoner, three or more civil actions which were dismissed as frivolous or for failure to state a claim for relief and because the complaint fails to establish he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court dismissed *Eckard v. Riszk* for failure to state a claim and the dismissal counted as a strike under section 1915(g). *See* Dkts. 6 and 8, in Case No. 19-813-RSM. In *Eckard v. Nikolina*, the Court dismissed the case for failure to state a claim and the dismissal counted as a strike under section 1915(g). *See* Dkt. 8, in Case No. 19-881-RSM. In *Eckard v. Caraway*, plaintiff's case was dismissed under 28 U.S.C. § 1915(e)(2)(B) and the dismissal counted as a strike under section 1915(g). *See* Dkts. 6 and 9 in Case No. 19-679-RSL.

Plaintiff implies the three strike rule is inapplicable because he "a former prisoner of the State of Washington." Dkt. 1 at 1. The fact he was moved from a Department of Corrections prison facility to the Snohomish County Jail does not alter the fact that he is a prisoner, and filed this lawsuit as a prisoner. Section 1915(g) accordingly applies to plaintiff with full force. Plaintiff also avers "this lawsuit is not a challenge to any prison conditions." Id. at 4. Plaintiff's claim is irrelevant to the three strike rule because the rule applies to all civil suits brought by a prisoner and plaintiff is a prisoner. *See* 28 U.S.C. § 1915(g)("in no event shall a prisoner bring **a civil action**" if the prisoner has three strikes).

Section 1915(g) also applies with full force because the complaint does not involve allegation that show plaintiff is "under imminent danger of serious physical injury," when he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g). There is no possibility of imminent danger because the complaint alleges actions that occurred in June and September 2018 at a different prison facility. Additionally, the complaint states in a conclusory fashion that

REPORT AND RECOMMENDATION - 2

defendants violated his rights for failing to investigate and bring criminal charges despite the existence of "probable cause" to do so. These allegations are insufficient to trigger the "imminent danger" exception under § 1915(g). *See, e.g.*, *Pauline v. Mishner*, 2009 WL 1505672 (D. Hawaii, May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible *future* harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)).

Accordingly, the Court recommends plaintiff be denied IFP status pursuant to 28 U.S.C. § 1915(g), and that he be ordered to pay the Court's filing fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee) before proceeding with his complaint in this action.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 17, 2019.** The Clerk should note the matter for **December 19, 2019**, as ready for the District Judge's consideration. Objections shall not exceed **5 pages**. The failure to timely object may affect the right to appeal.

The Clerk shall provide plaintiff a copy of this recommendation and **not terminate the referral to Magistrate Judge Tsuchida**

DATED this 4th day of December, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3