UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

                Plaintiff,

v.

ADAM CORNELL, *et al.*,

                Defendants.

CASE NO. C19-1961-RSM

ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY IFP STATUS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #4. Having reviewed Plaintiff's Complaint, Dkt. #1-1, the R&R, and Plaintiff's Objections, Dkt. #6, the Court agrees with the R&R to deny Plaintiff in forma pauperis ("IFP") status pursuant to the "three strikes" rule, 28 U.S.C. § 1915(g), and order that he pay the Court's filing fee before proceeding with his complaint in this action.

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") denies IFP status to prisoners who have had three or more civil actions dismissed as frivolous, malicious, or because the case fails to state a claim upon which relief can be granted, unless the inmate is in danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has had more than three cases dismissed

ORDER ADOPTING R&R
PAGE - 1

that count as a strike under this provision. *See Eckard v. Riszk*, No. C19-813-RSM, Dkt. #9; *Eckard v. Caraway*, C19-679-RSL, Dkt. #10; *Eckard v. Jones*, C19-832-RAJ, Dkt. #10; *Eckard v. Aston*, C19-879-RAJ, Dkt. #10; *Eckard v. Zacharias*, C19-833-BJR, Dkt. #27; *Eckard v. Roy*, C19-834-RSL, Dkt. #8. The Court finds no error in the R&R's conclusion that Plaintiff's allegations are insufficient to trigger the "imminent danger" exception under Section 1915(g). Accordingly, the three-strikes rule applies.

Plaintiff objects to the R&R on the basis that the strikes do not count towards him "until he has exhausted his appeals." Dkt. #6 at 1. There is no support for Plaintiff's interpretation. The plain language of § 1915(g) precludes IFP status for a "civil action *or* appeal" so long as the prisoner has brought three or more "actions[s] *or* appeal[s]." 28 U.S.C. § 1915(g). Nothing in the text of the statute supports Plaintiff's interpretation that a district court's dismissal must be affirmed before it may count as a strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016) ("[T]he statute speaks only of dismissals, not affirmances. The choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship.") (quoting *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007)) (internal quotations omitted). Plaintiff's reading of Section 1915(g) would allow a prisoner three frivolous civil actions and potentially three frivolous appeals. The Ninth Circuit has found this interpretation contrary to Congress' intent in passing the PLRA. *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999).

The remainder of Plaintiff's Objections include various threats of violence against this Court without legal argument. *See* Dkt. #6 at 1-2.

**CONCLUSION**

Accordingly, having reviewed Plaintiff's complaint, the Report and Recommendation of Judge Tsuchida, and the remainder of the record, the Court hereby finds and ORDERS:

1) The Report and Recommendation, Dkt. #4, is APPROVED and ADOPTED.

2) Plaintiff's IFP status is DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ordered to pay the Court filing fee of $400.00 no later than **thirty (30) days** from the date of this order. Failure to pay the filing fee will result in dismissal of this case without prejudice.

3) The Clerk shall send a copy of this Order to Plaintiff and to the Honorable Brian A. Tsuchida.

DATED this 10 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE